### GOULD *v.* WILKINSON.

LIENS—ORAL CONTRACT—EVIDENCE—SUFFICIENCY.

On a bill to establish a lien on land growing out of an oral agreement under which complainant's intestate built a barn on defendant's land, evidence examined, and *held,* insufficient to support the allegations of the bill.

Appeal from Barry; Smith, J.    Submitted February 16, 1905.    (Docket No. 160.)    Decided May 22, 1905.

Bill by Cassius M. Gould, as administrator of the estate of Robert Elston, against Jane Wilkinson and others to establish and enforce a lien.    From a decree for complainant, defendant Wilkinson appeals.    Reversed, and bill dismissed.

*Thomas Sullivan* and *Alonzo E. Kenaston,* for complainant.

*Colgrove & Potter,* for appellant.

BLAIR, J.   Complainant, as administrator of the estate of Robert Elston, deceased, filed the bill of complaint in this case to establish and enforce a lien claimed as springing from an alleged oral agreement between the said Robert Elston in his lifetime and Jane Wilkinson, his mother, by which it was agreed that the said Robert Elston should build a barn upon lands belonging to his mother, with the right to purchase the premises at their value, less the value of the improvements added by him, or, if he did not wish to purchase, to receive pay and have a lien for the value of such improvements.   Numerous witnesses were called by the parties in support and denial of the making of the alleged oral agreement, and after considering the same the court entered a decree in favor of complainant.   The only questions which this record presents requiring our consideration are the questions of fact presented by the conflicting evidence relative to the alleged oral agreement for a lien.   No useful purpose would be served by reviewing the voluminous testimony upon this issue of fact in this opinion.   It is sufficient to say that, after a careful review and consideration of the testimony, we have reached a different conclusion from that arrived at by the circuit judge.

The decree is reversed, and a decree will be entered dismissing the bill of complaint, with costs to defendants.

CARPENTER, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.